No. 45,180

JAMES MONROE YOHO, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(442 P. 2d 1012)

Opinion filed July 13, 1968.

*J. C. Edwards*, of Iola, argued the cause and was on the briefs for the appellant.

*Mitchell H. Bushey*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: The petitioner sought relief from a judgment and sentence under the provisions of K. S. A. 60-1507. The relief was denied by the trial court and petitioner has appealed.

The appellant, James Monroe Yoho, was confined in the Allen County jail on March 4, 1959, on a charge of burglary and larceny. On that date he and three other inmates overpowered the jailer, robbed him of $140 and escaped. All four were apprehended the next day and returned to the Allen County jail. The money was never found.

The appellant was informed against on two counts—first degree robbery and escape from custody. He was also being held on the original charge of burglary and larceny. The district court had appointed Guy Lamer, an attorney from the city of Iola, Allen County, to represent him on all charges.

On March 13, 1959, appellant was in court with his attorney for arraignment on the burglary and larceny charges to which he pled guilty. He was also arraigned on the charges of robbery and escape. He pled not guilty to robbery and guilty to escape. He was then sentenced on the three counts to which he pled guilty.

On March 16, 1959, appellant again appeared in the district court with his attorney. The county attorney asked and was granted leave to amend the information on the robbery charge by striking out the words "and one .38 caliber revolver pistol" and also "and pistol." Appellant then changed his plea of not guilty to guilty as charged in the amended information. He was sentenced according to law for first degree robbery.

Appellant has filed this action in the district court of Allen County, Kansas, under K. S. A. 60-1507 to vacate the sentence on the first degree robbery charge, claiming that the plea was obtained through threats, fear because of threats and because of failure to be supplied with sufficient insulin.

The district court held a full hearing at which the appellant was present with his court appointed counsel and testified. The trial court made detailed findings of fact and denied the relief requested.

Before taking up the contentions of appellant as to coercion causing him to change his plea of not guilty, we should consider the testimony as to his real reason for changing his plea. The county attorney, at the time the appellant changed his plea on the robbery charge, testified:

". . . Mr. Lamer asked him if he would be willing to amend the information of the robbery charge—concerning the .38 caliber pistol. He asked me if I would amend it to take [out] a refenence [*sic*], or any words referring to pistol or .38 caliber revolver. I said I would because it did not change the charge or penalty. He asked me when we could see the Court. . . ."

The appellant testified:

"There was a modification made in the charge which was originally charged with taking money and a gun. I did not want any violance [*sic*] on my record, and I definitely did'nt [*sic*] want no gun on my record. . . ."

It is quite evident that the appellant changed his plea of not guilty because of the amendment in the information removing the reference to the revolver. He did not want possession of a gun on his record.

The appellant states that he was a diabetic and infers that his failure to receive the proper amount of insulin influenced him in changing his plea. He testified: "My failure to have insulin daily could cause me to go into a coma." There is no evidence that he did. He also testified: "It made me feel groggy, and just make me

feel like my blood is just jumping, weak and stiff." There is nothing to indicate that the appellant was in a state of coma or groggy the day he changed his plea of not guilty to guilty.

We can give no credence to appellant's contention that he was not properly represented by counsel. The record discloses that Mr. Larmer was a well qualified attorney with experience in criminal practice and of high legal ethics.

The appellant further complains that—

". . . The Appellant was told that the other three had offered to beat the truth out of the Appellant and to make him tell where the money was if they would be put in the cell with the Appellant."

The record discloses that this conversation took place after the defendant had changed his plea to guilty and could not have been a reason for the change. Certainly appellant was never put in the cell with his codefendants.

A careful examination of the record discloses no evidence which would justify granting the appellant any relief from the judgment and sentence.

The judgment is affirmed.

APPROVED BY THE COURT.